**01–941.   State ex rel. Cleveland Business Park, Ltd. v. Cleveland.**
In Mandamus. On answer of respondents. *Sua sponte,* alternative writ granted.

Resnick and Pfeifer, JJ., dissent and would grant a peremptory writ.

**01–1161.   State v. Bush.**
Union App. No. 14–2000–44. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated at pages 9–10 of the court of appeals' Opinion dated May 25, 2001:

"[W]hether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21 and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations."

F.E. Sweeney, J., dissents.

*Sua sponte,* cause consolidated with 01–1247, *State v. Bush,* Union App. No. 14–2000–44.

The conflict cases are *State v. Cale* (Mar. 23, 2001), Lake App. No. 2000–L–034, unreported, 2001 WL 285794; and *State v. Talley* (Jan. 30, 1998), Montgomery App. No. 16479, unreported, 1998 WL 31516.

**01–1253.   Layne v. Ohio Adult Parole Auth.**
Marion App. No. 9–01–06. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated at page 2 of the court of appeals' Journal Entry dated June 29, 2001:

"Is a plea agreement breached when the Ohio Adult Parole Authority ('APA') classifies an offender, for purposes of its discretionary parole guidelines, according to the nature of the offense rather than the lesser offense to which the plea is entered when the plea agreement has been fully performed by the prosecutor and the sentencing court, and the APA's classification will not result in the offender being incarcerated beyond the maximum sentence under the plea agreement?"

Cook, J., would accept jurisdiction but would address the certified question modified as follows:

"~~Is a plea agreement breached~~ Does an action lie for breach of contract when the Ohio Adult Parole Authority ('APA') classifies an offender, for purposes of its discretionary parole guidelines, according to the [true] nature of [his] offense rather than the lesser offense [pleaded to]? ~~when the agreement has been fully performed by the prosecutor and the sentencing court, and the APA's [actions] will not result in the offender being incarcerated beyond the maximum sentence under the plea agreement?~~"

Douglas, J., dissents because there is no conflict.

*Sua sponte,* cause consolidated with 01–1266, *Layne v. Ohio Adult Parole Auth.,* Marion App. No. 9–01–06, and with 01–1443, *Houston v. Wilkinson,* Marion App. No. 1–01–52.

Douglas, J., dissents.

The conflict case is *Randolph v. Ohio Adult Parole Auth.* (Jan. 21, 2000), Miami App. No. 99CA17, unreported, 2000 WL 43712.

**01–1394.   State ex rel. Howard v. Seaway Foodtown, Inc.**
Franklin App. 00AP–1097. On motion for judgment on pleadings, amended motion to vacate, and/or amended motion for stay of court of appeals' judgment. Motions denied.

Moyer, C.J., would strike the motions.